IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELAINE ESQUIBEL**,

          Plaintiff,

v.                                                                                                                                         No. CIV 04-956 BB/LFG

**JOHN E. POTTER, Postmaster General,**
**UNITED STATES POSTAL SERVICE,**

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court for consideration of a motion to dismiss or, in the alternative, for summary judgment, filed by Defendant (Doc. 34). After considering the submissions of the parties and the applicable law, the Court will deny the motion. Since both parties have submitted evidentiary materials for the Court's consideration, the motion is properly addressed as a motion for summary judgment rather than a motion to dismiss. *See, e.g., County of Santa Fe, New Mexico v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1045 (10th Cir. 2002) (where district court considers matters outside Plaintiff's complaint, it is error to fail to convert motion to dismiss into summary-judgment motion).

"Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be

construed in the light most favorable to the nonmoving party." *Id.* On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider the motion for summary judgment in light of these standards.

**Discussion:** Plaintiff was employed by the United States Postal Service and was therefore a federal employee for purposes of the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and Title VII, 42 U.S.C. § 2000e *et seq.* In this lawsuit Plaintiff has raised claims under both statutes, for discrimination on the basis of disability and religion. Defendant's motion for summary judgment does not address the merits of Plaintiff's claims. Instead, the motion raises a procedural issue: Defendant maintains Plaintiff failed to timely exhaust her administrative remedies. Specifically, Defendant contends Plaintiff did not contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discriminatory conduct, as she was required to do by regulation. 29 C.F.R. § 1614.105(a)(1). In response Plaintiff admits she did not contact an EEO counselor within the required time period, but argues that the limitations period established by the regulation should be equitably tolled.[1]

---

[1] Plaintiff also argues that the evidence relied on by Defendant should be stricken and not considered by the Court. Given the decision reached by the Court even after considering Defendant's evidence, it is not necessary to resolve Plaintiff's contention.

Viewing the submitted evidence in the light most favorable to Plaintiff, as the Court must, the Court finds there is a genuine issue of material fact concerning the equitable tolling question. The regulation establishing the limitations period and relied on by Defendant also contains an explicit, mandatory equitable tolling provision, stating in part as follows: "The agency...shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them..." 29 C.F.R. § 1614.105(a)(2). Plaintiff has presented evidence to the effect that she was not aware of the 45-day time limitation, and does not recall ever being notified of it. [Pltf. dep. pp. 86-92, Exh. 1, Pltf. Resp.] To counteract this evidence, Defendant makes two arguments: (1) Plaintiff had constructive notice of the 45-day requirement, due to the fact that an EEO notice was posted in the post office where Plaintiff worked; and (2) Plaintiff had actual notice of the 45-day requirement, because EEO information is provided during the orientation training every new post office employee receives. As discussed below, however, there are genuine issues of material fact as to whether Plaintiff had either constructive or actual notice of the 45-day limitations period.

Several courts, including the Tenth Circuit, have decided cases involving the issue of constructive notice and the posting of EEO notices at the workplace. *See, e.g., Sizova v. Nat'l Inst. of Standards and Tech.*, 282 F.3d 1320 (10th Cir. 2002); *Pauling v. Sec'y of the Dep't of the Interior*, 160 F.3d 133 (2d Cir. 1998); *Johnson v. Runyon*, 47 F.3d 911 (7th Cir. 1995). All courts addressing the question agree that the mere existence of such notices in the workplace is not sufficient to support a finding of constructive notice. Instead, a court must examine whether, considering both the location and the content of the posted documents, the documents were reasonably geared to give a potential claimant notice of the 45-day time requirement. *Sizova*, 282

F.3d at 1327 (addressing content of EEO notice); *Pauling*, 160 F.3d at 136 (noting question of fact as to whether notice was posted in area of workplace accessible to claimant, precluding grant of summary judgment); *Johnson*, 47 F.3d at 919 (citing district court case relying on fact that bulletin board was cluttered, and EEO notice was outdated and contained very small print).

      The Court has examined the notice relied on by Defendant in this case, and it contains the same deficiency in content as the Tenth Circuit pointed out in *Sizova*: although the notice states an employee who feels she has been discriminated against "may request EEO Ccounseling (sic)" within 45 calendar days, the notice does not state that failure to meet this timeline will result in the loss of the employee's ability to pursue an EEO claim. [p. 4, Exh. E to Exh. 1, MSJ] *See Sizova, supra*. Furthermore, no evidence has been provided as to where the notice was posted in the workplace,[2] and whether it was prominently displayed or was just one poster among many, included as part of a cluttered billboard. As the Tenth Circuit stated in *Sizova*, the 45-day limitations period is not reasonable unless agencies and courts liberally construe the exceptions contained in § 1614.105(a)(2).[3] Doing so, the Court finds a genuine issue of fact as to whether

---

    [2]There is a suggestion in the record that the notice was posted in the break room; Plaintiff was asked at her deposition whether she saw any posters in that room. [Pltf. dep. p. 89, Exh. 1, Pltf. Resp.] This question, especially given Plaintiff's answer that she saw posters there but did not know what they were for, is not evidence that the EEO notice was posted in the break room.

    [3]The Court notes that in arguing against equitable tolling, Defendant cites cases stating that equitable exceptions are narrowly construed. *See, e.g., Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). None of these cases, however, addressed the explicit waiver provision created by regulation and applicable to this case. Instead, these cases generally address the time deadline for filing a court action once an administrative decision has been rendered. *See id.* As noted above, the Tenth Circuit and other circuits have held that the waiver provision applicable to this case must be liberally construed, in contrast to the general equitable tolling doctrine applicable in the absence of such a provision.

any notice that might have been posted was reasonably geared to provide notice that the 45-day time limitation was absolute and had to be met to preserve a potential EEO claim.

Defendant's other argument, although not phrased in these terms, is that Plaintiff was given actual notice of the 45-day requirement when she attended her orientation and other training events. The only evidence of such notification is a general statement made by Terry Currier, the training manager of the human resources office for the Albuquerque district of the Postal Service. [Exh. 3, MSJ] Ms. Currier states that all new employees of the Postal Service receive orientation training, and as a part of that training they are informed of the 45-day requirement for consulting with an EEO counselor.[4] This general statement, however, is insufficient to allow the Court to find as a matter of law that Plaintiff was notified of the 45-day time period in a manner reasonably geared to alert her to the mandatory nature of that requirement. There is no evidence concerning the emphasis placed on the 45-day requirement during the training, or what type of information was provided to Plaintiff at the specific training she attended, or whether she was even present during such discussion.

Furthermore, it is not apparent that statements or information provided during new-employee orientation, when the new employees are presumably excited about their hiring and are not anticipating problems such as discriminatory treatment, should be considered "reasonably geared" to notify the new employees of the procedures they must follow in order to preserve any EEO claims that might arise in the future. *Cf. Johnson*, *supra*, 47 F.3d at 919 ("reasonably geared" analysis must take into account the fact that applicants for positions have not yet been

---

[4]Defendant also relies on Plaintiff's training record, showing she attended a number of training sessions that concerned workplace harassment and discrimination. There is no evidence, however, that the 45-day limitations period was discussed at any of these training sessions.

subjected to the possibility of discrimination; last thing on their minds is what recourse they might have if they are subjected to discriminatory practices in hiring process).  The Court therefore finds there is also a genuine issue of fact as to whether Plaintiff was ever actually notified, in a meaningful manner, of the 45-day time period in which she was required to consult an EEO counselor.

**Conclusion:**  Based on the foregoing, Defendant's motion for summary judgment on the exhaustion-of-administrative-remedies issue will be denied.  Resolution of the exhaustion question must await the presentation of evidence at the approaching trial.

## ORDER

Based on the foregoing Memorandum Opinion, it is hereby ORDERED that Defendant's motion for summary judgment (Doc. 34) be, and hereby is, DENIED.

Dated this 12th day of April, 2006.

BRUCE D. BLACK<br>
United States District Judge

**ATTORNEYS**
**For Plaintiff**
Michael E. Mozes

**For Defendant**
Phyllis A. Dow